JS-6

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-599-JLS (ANx)                    Date:  February 2, 2015
Title:      Carolyn Scheer v. Midland Credit Management Inc.

═══════════════════════════════════════════════════════════════════════════

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**


   Terry Guerrero                                        N/A
   Deputy Clerk                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

     Not Present                              Not Present

**PROCEEDINGS:       (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION
                     TO DISMISS (Doc. 45.)**


        Before the Court is Defendant Midland Credit Management Inc.'s Motion to
Dismiss pursuant to Federal Rule of Civil Procedure 25(a)(1). (Mot., Doc. 45.) No
opposition has been filed. (Notice of Non-Opp'n, Doc. 46.) The Court finds this matter
appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.
Accordingly, the hearing set for February 6, 2015, is VACATED. For the following
reasons, the Court GRANTS Defendant's Motion.
        On February 25, 2013, Plaintiff Carolyn Scheer filed a Complaint in Orange
County Superior Court alleging that Defendant violated the Rosenthal Fair Debt
Collection Practices Act and the Fair Debt Collection Practices Act. (Compl., Ex. A,
Doc. 1.) On April 12, 2013, Defendant removed the case to this Court. (Notice of
Removal, Doc. 1.)
        On April 15, 2014, Defendant moved to dismiss for failure to prosecute pursuant
to Federal Rule of Civil Procedure 41(b). (Doc. 30.) Defendant's 41(b) motion was
based in part on the belief that Plaintiff had died. (Id. at 1.) The Court denied
Defendant's 41(b) motion for failure to comply with the requirements of Federal Rule of
Civil Procedure 25(a)(1). (Order, Doc. 32.)
        Under Rule 25(a)(1), "[i]f a party dies and the claim is not thereby extinguished . .
. [and a] motion is not made within 90 days after service of a statement noting the death,
the action by or against the decedent must be dismissed." Fed. R. Civ. Proc. 25(a)(1). In
order to trigger the start of the 90 day period under Rule 25(a), a party must "formally
suggest the death of the party upon the record" and "serve other parties and nonparty
successors or representatives of the deceased with a suggestion of death in the same

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-599-JLS (ANx)                          Date:  February 2, 2015
Title:       Carolyn Scheer v. Midland Credit Management Inc.

manner as required for service of the motion to substitute." *Barlow v. Ground*, 39 F.3d
231, 233 (9th Cir. 1994) (quotation marks omitted).

Plaintiff died on March 4, 2013.  (Yeomans Decl. ¶ 6, Doc. 45-2.)  On June 4,
2014, Defendant filed notice with the Court suggesting the death of Plaintiff.  (Notice of
Death, Doc. 33.).  At the time, the representative or successor-in-interest to Plaintiff was
unknown to Defendant.  (Id. at 2.)  Subsequently, Defendant discovered that Plaintiff had
a daughter, Lauren Luu, and husband, Cyril John Scheer.  (Yeomans Decl. ¶¶ 7-11.)  On
July 16, 2014, Defendant personally served Plaintiff's husband, who is Plaintiff's
successor-in-interest. with a notice of suggestion of death. (Proof of Service, Doc. 41-1;
Mot. at 1; Yeomans Decl. ¶ 12.)  Defendant's counsel also confirmed with Plaintiff's
husband and daughter that neither individual had a desire to prosecute Plaintiff's claims
in this litigation.  (Yeomans Decl. ¶¶ 9, 11.)  To date, no one has filed a motion to
substitute a party for Plaintiff.

On December 18, 2014, more than 90 days after a notice of suggestion of death
was served on Plaintiff's husband, Defendant filed a motion to dismiss pursuant to Rule
25(a)(1).  (Mot.)  The Court finds that Defendant has fulfilled the requirements of Rule
25(a)(1).  Accordingly, Plaintiff's action must be dismissed.

The Court GRANTS Defendant's Motion.  This action is DISMISSED with
prejudice.

Initials of Preparer:  tg